In the Matter of the Application for the Disbarment of Gerald ROSENZWEIG, a.k.a. Jerry Rosenzweig, an Attorney at Law of the State of Minnesota.

No. 47538.

Supreme Court of Minnesota.

Sept. 23, 1977.

R. Walter Bachman, Administrative Director on Professional Conduct, St. Paul, for appellant.

Jerry Rosenzweig, pro se.

PER CURIAM.

This is a disbarment proceeding initiated by the Administrative Director on Professional Conduct of the Lawyers Professional Responsibility Board against Gerald Rosenzweig, an attorney at law admitted to practice in the State of Minnesota on October 4, 1957.

The petition alleges a series of gross improprieties on the part of the attorney which requires his disbarment from the practice of law. The petition alleges among other things that he filed a false affidavit in civil litigation; involved a client in unsuccessful litigation without her knowledge or consent; delayed and neglected the initiation of a divorce proceeding for 14 years; secured the execution of deeds from a client who was incompetent and confined to a mental institution; entered a client's safety deposit box without her knowledge or consent and removed and cashed a check for $20,000.00 for his own use; falsely advised

a client he had commenced a malpractice suit whereas in fact he had permitted the statute of limitations to run; fraudulently endorsed and converted to his own use a client's check; and converted to his own use funds furnished him by a client for child support.

The attorney has filed an unverified answer in the form of a qualified general denial wherein he prays for a dismissal of the petition or in the alternative, leave to resign from the practice of law. The answer also contained the following recitation:

"Respondent will not practice law after April 30, 1977; declines to participate further in this proceeding; and expects to abide by whatever decision is made hereafter."

On April 5, 1977, the attorney was accorded an en banc hearing before this Court at which he presented oral argument in opposition to a motion for his immediate suspension from practice.

Thereafter the attorney executed and filed the following "Consent":

"For the reasons specifically set forth in his ANSWER, COUNTERCLAIM, AND OBSERVATION herein, the undersigned has previously advised the Court that he 'declines to participate further in this proceeding.' Accordingly, the undersigned waives all further notice of hearing and/or the right to be present thereat; stipulates that any and all documentary evidence in the possession of the Supreme Court and/or the Lawyers Professional Responsibility Board may be used for such purposes as are necessary and expedient without further foundation or oral testimony; and consents and agrees that the Court may make any Order it deems appropriate including but not limited to the granting of the relief sought by the Petition herein."

A motion for disbarment without a further hearing before a referee was presented to this Court on August 11, 1977, in response to which the attorney directed the following letter to the Administrative Director of the Lawyers Professional Responsibility Board:

"In our telephone conversation this past Tuesday morning, I advised you that I did not intend to appear at the hearing on the Motion now scheduled for August 11, 1977 and that I do not intend to contest the same. You requested written confirmation. Please consider it affirmed."

We construe the various documents filed by the attorney to which we have referred as waiving his right to contest the allegations of the petition for disbarment beyond what is contained in his unverified answer and the facts and circumstances presented by him at oral argument.

We are of the opinion and hold that the attorney Gerald Rosenzweig has failed to adequately explain or deny the charges contained in the petition for disbarment or to present extenuating circumstances in mitigation of the charges.

Accordingly, we hold that he is herewith disbarred from the practice of law in the State of Minnesota.

It is so ordered.